IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR436 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| PEDRO CAMACHO-CORONA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant Pedro Camacho-Corona. (Filing No. 72.) Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process as follows:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Pursuant to Rule 4(b), the Court has conducted an initial review of the motion. For the reasons stated below, it appears plainly from the face of the motion and the record that Defendant is not entitled to relief regarding Grounds I and III, and therefore these claims will be summarily dismissed. The Court will order the government to file an Answer to Grounds II and IV.

**BACKGROUND**

On May 12, 2011, Defendant entered a plea of guilty before the Court on Count I of the Superseding Indictment, which charged Defendant with a violation of 21 U.S.C. § 841(a)(1) and (b)(1), possession with intent to distribute 50 grams or more of methamphetamine. (Filing No. 40.) An interpreter was present at the change of plea hearing. Defendant was placed under oath, and thereafter stated the following: he had no concerns about his lawyer; no one made any threat or promise to get him to plead guilty; he voluntarily was pleading guilty to Count I of the Superseding Indictment; he understood the statutory penalties, including that he was subject to a ten-year (120-month) mandatory minimum sentence and the maximum term of imprisonment was life; and he understood that he could receive a sentence different than what he or his attorney believed might be imposed but would still be bound by, with no right to withdraw, his plea of guilty. Defendant did not sign a plea agreement.

A presentence report was prepared that, among other things, calculated Defendant's total offense level to be 35, criminal history category to be V, and guideline sentence range to be 262-327 months; noted that the relevant statutory sentencing provisions for Count I mandated a ten-year minimum sentence and a maximum of life; and stated "[t]he likelihood of deportation appears to prohibit consideration for community service in lieu of a fine . . . ." (Filing No. 52 at 21.) Defendant did not file objections to the presentence report. On September 19, 2011, Defendant was sentenced to a 262-month term of imprisonment and a five-year term of supervised release. (Filing No. 50.) An interpreter was present at the sentencing hearing. Judgment was entered on September 19, 2011. (Filing No. 54.)

On October 3, 2011, Defendant, through his attorney, filed a notice of appeal with the Eighth Circuit Court of Appeals. (Filing No. 56.) In his appeal, Defendant argued that his sentence was substantively unreasonable. (Filing No. 66 at 2.) The judgment was affirmed on June 1, 2012. (*Id.*)

Defendant filed the instant § 2255 motion on January 4, 2013, wherein he raises four grounds for relief. In Ground I, Defendant asserts that his attorney was ineffective because, despite her verbal promise that he would receive a ten-year sentence, his attorney knew or should have known that Defendant could receive a Guideline sentence that was substantially higher. (Filing No. 72 at 4.) In Ground II, Defendant asserts that his attorney was ineffective because she failed to investigate the evidence adequately by not having the contraband examined for finger prints or DNA, and that such efforts would have revealed that the contraband did not belong to Defendant. (*Id.* at 5-6.) In Ground III, Defendant asserts that his attorney was ineffective because she failed to advise Defendant of the consequences of entering a plea of guilty, instead assuring Defendant that he would receive a sentence of ten years. (*Id.* at 8-9.) Finally, in Ground IV, Defendant asserts that his attorney was ineffective for failing to "respect[] his wishes" to move to withdraw the guilty plea after Defendant told her that he had no knowledge of the existence of the contraband in the vehicle he was driving. (*Id.* at 10-11.)

## DISCUSSION

Defendant asserts claims of ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668

(1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.*

It is the law of this circuit that "a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences." *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)). Furthermore, reliance on an attorney's mistaken impression about the length of sentence "is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *Id.* (citing *Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir. 1990)).

A defendant may move to withdraw a guilty plea after the court accepts the plea but before it imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "Even if such a fair and just reason exists, before granting the motion a court must consider whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (quotation omitted). "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if the defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." *United States v. Cruz*, 643 F.3d 639, 642 (8th Cir. 2011) (quotation omitted). "While a guilty plea taken in open court is not invulnerable

to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quotation omitted).

**Grounds I and III**

Defendant, in Ground I, argues that he was ineffectively advised during plea negotiations as to the potential punishment and that his attorney promised him that he would receive a ten-year sentence. However, the transcript of the change of plea hearing demonstrates that Defendant was adequately advised by his attorney and the Court of the potential sentence. In particular, Defendant stated under oath that he understood the penalties he faced and that he might receive a sentence that was different than what he or his attorney anticipated. Defendant's own sworn statements, and the record generally, do not support his claim that his attorney promised him that he would receive a specific sentence in exchange for his guilty plea. Rather, the record shows that Defendant understood he faced a maximum of life imprisonment and that he had no guarantee with respect to his sentence. Therefore, Defendant cannot satisfy the prejudice prong of the *Strickland* test with respect to this claim, and it will be summarily dismissed.

Similarly, in Ground III, Defendant argues that his attorney assured him that he would receive a ten-year sentence. However, again, the transcript of the change of plea hearing shows that Defendant stated under oath that no promises were made to him and that he understood the potential for a sentence he did not expect. Again, Defendant cannot satisfy the prejudice prong of the *Strickland* test with respect to this claim, and it will be summarily dismissed.

**Grounds II and IV**

With regard to Ground II, Defendant argues that his attorney failed to investigate evidence that would have revealed the contraband did not belong to Defendant. The record includes no information regarding the investigation undertaken by Defendant's attorney. Therefore, the government will be required to answer this claim.

Additionally, with regard to Ground IV, Defendant argues that his attorney failed to respect his wishes and move to withdraw his plea after he told her that he had no knowledge of the existence of the contraband in the vehicle he was driving. It appears that Defendant is asserting a claim that he is innocent of the charge, which is a factor the Court can consider in evaluating a motion to withdraw a plea of guilty. Therefore, the government will be required to answer this claim.

## CONCLUSION

For the reasons discussed above, the Court finds that Defendant cannot prove the prejudice prong of the *Strickland* test with respect to Grounds I and III. Accordingly, it plainly appears from the record that Defendant is not entitled to relief, and therefore his motion is summarily dismissed with respect to those claims.

The United States shall respond to Grounds II and IV by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether Defendant's claims are barred by procedural default, waiver, or untimeliness.

Accordingly, IT IS ORDERED:

1. The Court has completed the initial review of Defendant Pedro Camacho-Corona's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 72);

2. Upon initial review, Grounds I and III of Defendant's § 2255 motion are summarily dismissed; the Court finds that summary dismissal of Grounds II and IV is not required;

3. On or before February 25, 2013, the government shall file an Answer to Grounds II and IV of Defendant's § 2255 motion and support its Answer with a brief;

4. On or before March 25, 2013, Defendant may thereafter file a response; and

5. The Clerk shall mail a copy of this Memorandum and Order to Defendant at his most recent address.

DATED this 23rd day of January, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge