IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR436 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| PEDRO CAMACHO-CORONA, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant Pedro Camacho-Corona. (Filing No. 72.) Pursuant to Rule 4(b), the Court conducted an initial review of the motion (Filing No. 73), and required the government to file an Answer to Grounds II and IV. The government filed its Answer on March 25, 2013 (Filing No. 78), along with an Index of Evidence (Filing No. 81) containing the Affidavit of defense counsel, Julie Hansen (Filing No. 81-1). The Defendant has submitted no response, and his time to file any response expired on April 25, 2013.

## BACKGROUND

On May 12, 2011, Defendant entered a plea of guilty before the Court on Count I of the Superseding Indictment, which charged Defendant with a violation of 21 U.S.C. § 841(a)(1) and (b)(1), possession with intent to distribute 50 grams or more of methamphetamine. (Filing No. 40.) An interpreter was present at the change of plea hearing. Defendant was placed under oath, and thereafter stated the following: he had no concerns about his lawyer; no one made any threat or promise to get him to plead guilty; he voluntarily was pleading guilty to Count I of the Superseding Indictment; he understood the statutory penalties, including that he was subject to a ten-year (120-month) mandatory

minimum sentence and the maximum term of imprisonment was life; and he understood that he could receive a sentence different than what he or his attorney believed might be imposed but would still be bound by, with no right to withdraw, his plea of guilty. Defendant did not sign a plea agreement.

A presentence report was prepared that, among other things, calculated Defendant's total offense level to be 35, criminal history category to be V, and guideline sentence range to be 262-327 months; noted that the relevant statutory sentencing provisions for Count I mandated a ten-year minimum sentence and a maximum of life; and stated "[t]he likelihood of deportation appears to prohibit consideration for community service in lieu of a fine . . . ." (Filing No. 52 at 21.) Defendant did not file objections to the presentence report. On September 19, 2011, Defendant was sentenced to a 262-month term of imprisonment and a five-year term of supervised release. (Filing No. 50.) An interpreter was present at the sentencing hearing. Judgment was entered on September 19, 2011. (Filing No. 54.)

On October 3, 2011, Defendant, through his attorney, filed a notice of appeal with the Eighth Circuit Court of Appeals. (Filing No. 56.) In his appeal, Defendant argued that his sentence was substantively unreasonable. (Filing No. 66 at 2.) The judgment was affirmed on June 1, 2012. (*Id.*)

Defendant filed his § 2255 motion on January 4, 2013, raising four grounds for relief. On initial review, the Court dismissed Grounds I and III, and required the government to file an Answer to Grounds II and IV. In Ground II, Defendant asserted that his attorney was ineffective because she failed to investigate the evidence adequately by not having the contraband examined for finger prints or DNA, and that such efforts would have revealed that the contraband did not belong to Defendant. (*Id.* at 5-6.) In Ground IV, Defendant

asserted that his attorney was ineffective for failing to "respect[] his wishes" to move to withdraw the guilty plea after Defendant told her that he had no knowledge of the existence of the contraband in the vehicle he was driving. (*Id.* at 10-11.)

## DISCUSSION

In order to establish a claim of ineffective assistance of counsel, Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.*

With respect to Ground II, defense counsel's affidavit demonstrates that the Defendant insisted he wanted to enter a plea of guilty and did not want to go to trial. Even assuming that the Defendant did request defense counsel to obtain fingerprints and/or DNA analyses from the drug contraband found in his car, defense counsel's conclusion that such evidence would not be probative of guilt or innocence is a reasonable one. (Filing No. 81-1 at 7.)

With respect to Ground IV, a defendant may move to withdraw a guilty plea after the court accepts the plea but before it imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "Even if such a fair and just reason exists, before granting the motion a court must consider whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court

grants the motion." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (quotation omitted). "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if the defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." *United States v. Cruz*, 643 F.3d 639, 642 (8th Cir. 2011) (quotation omitted). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quotation omitted).

Defense counsel states that the "Defendant never once asked or advised [defense counsel] that he wished to withdraw his guilty plea." (Filing No. 81-1 at 9.) Based on defense counsel's thorough chronology, it also is apparent that there would have been no "fair and just reason" to grant any motion to withdraw the plea of guilty, and any such motion would have been denied. Accordingly, the Defendant has demonstrated neither deficient performance nor prejudice.

## CONCLUSION

The government has come forward with compelling and uncontroverted evidence that defense counsel performed within the range of reasonable professional assistance and did not make errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Defendant has not come forward with any evidence or argument demonstrating that defense counsel's performance was deficient. Even if he had come forward with such evidence, he has not demonstrated that he was prejudiced by

such performance. Accordingly, his motion is denied on the merits with respect to all remaining Grounds.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 72) is denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 3rd day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge