IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:10CR436** |
| v. | |
| PEDRO CAMACHO-CORONA, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Pedro Camacho-Corona's ("Camacho-Corona") Motion for Compassionate Release (Filing No. 109). The motion seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, Camacho-Corona's motion is denied.

On May 12, 2011, Camacho-Corona pleaded guilty on Count I of the Superseding Indictment (Filing No. 40), which charged him with possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). A presentence report calculated Camacho-Corona's advisory United States Sentencing Guideline range to be 262-327 months (level 35, category V). On September 19, 2011, the Court sentence Camacho-Corona to 262 months in prison and 5 years of supervised release (Filing No. 50). On January 12, 2016, the Court reduced Camacho-Corona's prison sentence to 210 months under 18 U.S.C. § 3582(c)(2) and the retroactive amendments to U.S.S.G. § 2D1.1. Camacho-Corona now moves for compassionate release.

Title 18, section 3582(c)(1)(A)(i) authorizes federal prisoners to move the Court to "reduce [their] term of imprisonment" for "extraordinary and compelling reasons." But a prisoner can only file such a motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or

the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). A failure to show he has complied with § 3582(c)(1)(A)(i)'s statutory prerequisites to judicial review "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

Camacho-Corona's motion does not directly state whether he has taken any steps to exhaust his administrative remedies or otherwise comply with § 3582(c)(1)(A)(i). Camacho-Corona's motion only includes documents titled "Receipt—Administrative Remedy" (Filing No. 109 at 4) and "Extension of Time for Response – Administrative Remedy" (Filing No. 109 at 5), both dated January 13, 2022. It is difficult to discern whether these documents relate to a request for compassionate release submitted to the warden of Camacho-Corona's facility. If they are, sufficient time has lapsed to satisfy the administrative remedy requirement.

Even if he has met the statutory requirements for judicial review, Camacho-Corona does not present extraordinary and compelling reasons to reduce his sentence. In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The

first application note to § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1.  The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Camacho-Corona's motion is based solely on his post-conviction rehabilitation.  He includes allegations that he has not been subject to BOP discipline and has completed several programs.  Assuming his allegations are true, Camacho-Corona's activities are commendable.  But they cannot—on their own—constitute extraordinary and compelling reasons for sentence reduction.  Because Camacho-Corona's motion is based solely on his post-conviction rehabilitation, the relevant § 3553(a) factors and surrounding circumstances weigh against release.

Based on the foregoing, defendant Camacho-Corona's motion to reduce his sentence (Filing No. 109) pursuant to 18 U.S.C. § 3582(c)(2) is denied.

IT IS SO ORDERED.

Dated this 28th day of April 2022.

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of Camacho-Corona's request for a sentence reduction.  The Court nonetheless finds it helpful in deciding whether to reduce his sentence. *See United States v. Jenkins,* No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge